```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Andrea Boxill, et al.,            :

    Plaintiffs,               :

  v.                                :       Case No. 2:16-cv-126

                                        :       JUDGE MICHAEL H. WATSON
James P. O'Grady, et al.,                 Magistrate Judge Kemp

    Defendants.               :

## OPINION AND ORDER

This matter is before the Court on plaintiff Andrea Boxill's motion for leave to file a first amended complaint. Defendants James P. O'Grady, Carrie Glaeden, James E. Green, Emily Shaw, Judge Michael T. Brandt, and the Franklin County Municipal Court have filed a response. No reply has been filed and the motion is now ripe for decision. For the following reasons, the motion for leave to amend will be granted.

### I. Background

Ms. Boxill and her co-plaintiff Teresa Barry filed this civil rights action on February 10, 2016, alleging various claims including a First Amendment retaliation claim and a claim for the denial of their Equal Protection rights. Both plaintiffs were employed in some capacity by the Franklin County Municipal Court. Prior to filing this action, Ms. Barry filed her own complaint in Case No. 2:14-cv-2693 against some of the same defendants named in this case including Mr. O'Grady, Ms. Glaeden, Mr. Green, and Ms. Shaw and alleging First Amendment retaliation.

In the current case, plaintiffs filed an amended complaint without defendants' consent or leave of Court on May 17, 2016. The Court struck this filing by Opinion and Order dated October

20, 2016.  See Doc. 27.  In doing so, the Court stated specifically:

> Any motion for leave to file, or stipulate-to Amended Complaint, shall be filed by November 10, 2016. In drafting a proposed amended complaint, Plaintiff shall take into consideration Judge Sargus's discussion of the propriety of continued litigation of identical claims advanced by Plaintiff Barry in *Barry v. O'Grady*, *et al. See* ECF No. 111 in Case No. 2:14-cv-2693.  To that end, any motion for leave to file an amended complaint in this case shall specifically discuss whether the proposed amended complaint has dropped those identical claims.

Consistent with the Court's previous order, Ms. Boxill filed her motion for leave to amend on November 2, 2016.

## II.  Motion for Leave to Amend

In her motion, Ms. Boxill explains that the proposed first amended complaint seeks to remove Ms. Barry as a named plaintiff and the Franklin County Municipal Court as a defendant.  Beyond this, she states that her purpose in seeking to amend is to make modest pleading changes relating to her claims, including specifically "a more specific time line and nature of expression."  According to Ms. Boxill, she sought defendants' consent to the filing but they declined without specifics.

Based on their response to the motion, defendants' objections can be characterized as follows.  First, they disagree that the filing of an amended complaint under Rule 15 was the proper vehicle to dismiss Ms. Barry's claims in this case and suggest that a properly signed notice of voluntary dismissal under Rule 41 was more appropriate.  Further, they assert that, if the intention of the proposed amendment is to withdraw Ms. Barry's claims, the language of the proposed amended complaint continues to read as if Ms. Barry is a plaintiff.  Apart from this, they contend that Ms. Boxill's request to make modest pleading changes is untimely.

III.  Legal Standard

Turning first to defendants' procedural argument, "Rule 41 does not speak to dismissal of claims, and an amendment pursuant to Rule 15 is the appropriate way to dispose of fewer than all claims against a defendant.  See Mgmt. Investors v. United Mine Workers of Am., 610 F.2d 384, 394-95 (6th Cir. 1979)."  Baker v. City of Detroit, 217 Fed.Appx. 491, 496 (6th Cir. 2007).  "However, it is not unusual for motions styled as Rule 41 motions or motions to dismiss to be construed as Rule 15 motions for leave to amend."  Id. at 497, citing Gronholz v. Sears, Roebuck & Co., 836 F.2d 515, 518 (Fed.Cir. 1987); Wakefield v. Northern Telecom, Inc., 769 F.2d 109, 114 (2d Cir. 1985).  As this Court has previously stated:

> A request to withdraw an existing count of a complaint as part of a motion to amend overlaps conceptually with the provisions of Rule 41(a)(2), which requires the permission of the court, or a stipulation, to dismiss a complaint after an answer to the complaint has been filed.  As explained by the court in Innovation Ventures, LLC v. N2G Distributing, Inc., 2009 WL 6040220, *2 (E.D. Mich. July 10, 2009)
>
>> The discretion to allow a party to withdraw a count in a complaint as part of a motion to amend appears to have similar limits to the discretion of the court to reach the same conclusion under Rule 41.  Rule 41 does include the discretion to dismiss a matter with prejudice and that is not an insignificant difference.
>
> See also Chambers v. Time Warner, Inc., 2003 WL 1107790, at *2 (S.D.N.Y. March 12, 2003) ("[A] Rule 15(a) amendment eliminating a claim is the same as a Rule 41(a) voluntary dismissal of the claim" and is subject to the same standard of review.); 6 Charles Alan Wright et al., Federal Practice and Procedure § 1479 (2012) ("[T]he same considerations are relevant to dropping [a] claim regardless of which rule [41(a) or 15(a)] is invoked.").
>
> Within the context of Rule 41(a)(2), an "abuse of

>discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." Bridgeport Music, Inc. v. Universal-MCA Music Publ'g., Inc., 583 F.3d 948, 953 (6th Cir. 2009) quoting Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). In considering whether prejudice would result, courts look to such factors as "'the defendant's efforts and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.'" Id. quoting Grover at 718.

Greene v. Ab Coaster Holdings, Inc., 2012 WL 2342927, *7 (S.D. Ohio June 20, 2012).

As the above discussion illustrates, the Court's analysis will be the same with respect to the current motion regardless of the procedural vehicle employed.  However, because Ms. Boxill is not seeking to dismiss the entire action, the Court will apply the standard applicable to motions for leave to amend.

Fed.R.Civ.P. 15(a)(2) states that when a party is required to seek leave of court in order to file an amended pleading, "[t]he court should freely give leave when justice so requires." The United States Court of Appeals for the Sixth Circuit has spoken extensively on this standard, relying upon the decisions of the United States Supreme Court in Foman v. Davis, 371 U.S. 178 (1962) and Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971), decisions which give substantial meaning to the phrase "when justice so requires."  In Foman, the Court indicated that the rule is to be interpreted liberally, and that in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted.  In Zenith Radio Corp., the Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests

-4-

of the opposing party or of the Court can justify such denial.

Expanding upon these decisions, the Court of Appeals has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994) (citing Tokio Marine & Fire Insurance Co. v. Employers Insurance of Wausau, 786 F.2d 101, 103 (2d Cir. 1986)). See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986); Tefft v. Seward, 689 F.2d 637 (6th Cir. 1982). Stated differently, deciding if any prejudice to the opposing party is "undue" requires the Court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986) (per curiam), and to ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. General Electric Co. v. Sargent and Lundy, 916 F.2d 1119, 1130 (6th Cir. 1990); see also Davis v. Therm-O-Disc, Inc., 791 F. Supp. 693 (N.D. Ohio 1992).

The Court of Appeals has also identified a number of additional factors which the District Court must take into account in determining whether to grant a motion for leave to file an amended pleading. They include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility. Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990); Head v. Jellico Housing Authority, 870 F.2d 1117 (6th Cir.1989). The Court may also consider whether the matters

contained in the amended complaint could have been advanced previously so that the disposition of the case would not have been disrupted by a later, untimely amendment. <u>Id</u>. It is with these standards in mind that the instant motion to amend will be decided.

IV. <u>Analysis</u>

The parties' dispute does not warrant much discussion. To the extent that defendants raise any significant objection to the proposed first amended complaint, their concerns arise from Ms. Boxill's apparent failure to remove from the proposed amended complaint all references to Ms. Barry as a plaintiff and all allegations relating to the claims that she currently is pursuing through her independent action. Specifically, defendants cite the caption, and Paragraphs 25, 27, 30, 34, and 53 as either expressly identifying Ms. Barry as "Plaintiff" or indicating the plural "Plaintiffs." Further, they cite Paragraphs 18 through 21, 24 through 30, 32 through 36, 42 and 45 as referring individually to Ms. Barry and reiterating Ms. Barry's allegations in Case No. 14-cv-2693.

The Court agrees from its review of the proposed amended complaint that this information has not been deleted consistent with Ms. Boxill's intent as explained in her motion or the Court's previous discussion. This can be easily remedied, however, and the Court does not find it a sufficient reason for denying Ms. Boxill leave to amend her complaint. Rather, the Court will not permit Ms. Boxill to file her amended complaint as submitted. Instead, she will be directed to file a first amended complaint consistent with the representations in her motion with specific attention to deleting the information noted above.

With respect to the issue of "modest pleading changes" or "refinements of the facts pleaded" cited by Ms. Boxill as the secondary purpose of the proposed amended complaint, she does not

identify such changes other than to note Paragraphs 40 and 41. Defendants have not objected to any specific changes, having limited their objection to what they perceive as Ms. Boxill's delay in seeking to make them. In light of the liberal standard of Rule 15 and the fact that no deadline for amending the complaint has been set, the Court finds defendants' arguments unpersuasive. Moreover, defendants have not cited to any prejudice they will suffer if these amendments are allowed. Consequently, the motion for leave to amend will not be denied on this ground.

### V. Motion to Set Case Management Conference

Ms. Boxill also has moved for a preliminary pretrial conference to be scheduled in this case, indicating that she is ready to undertake discovery. Defendants have not objected to the motion to the extent it seeks to schedule a conference. Rather, they contend that, given their motion to dismiss Ms. Boxill's claims on grounds of qualified immunity, they should not be subjected to discovery prior to a ruling on their motion. Despite their opposition, defendants have not moved to stay discovery. Moreover, that is an issue to be addressed separately from scheduling a pretrial conference. Consequently, Ms. Boxill's motion will be granted.

### VI. Conclusion

Based on the foregoing, the motion for leave to file a first amended complaint (Doc. 29) is granted. Plaintiff shall file a first amended complaint consistent with this order within seven days. The motion to set a case management conference (Doc. 31) is granted. The Clerk shall schedule a preliminary pretrial conference for a date approximately five weeks from the date of this order.

### MOTIONS FOR RECONSIDERATION

Any party may, within fourteen days after this Order is

filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

                                       /s/ Terence P. Kemp
                                       United States Magistrate Judge